IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COLONY INSURANCE, CO.,

    Plaintiff,

v.                                        Civil No.: BPG–17–727

R & P AUTOMOTIVE, LLC, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Currently pending are Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") (ECF No. 43), Defendants Master Systems Automotive, Inc. and Main Street America Assurance Company's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Opposition") (ECF No. 44), and Reply to Defendants Main Street America and Master Systems' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Reply") (ECF No. 45). For the reasons discussed below, the Motion (ECF No. 43) is granted in part and denied in part.

In its proposed Second Amended Complaint, plaintiff seeks to add an additional party, Ana Patricia Morales, who allegedly caused the bodily injury and property damage suffered by Matthew Anders whose claims have given rise to the instant dispute regarding insurance coverage for those claims. (ECF 43-2 at ¶ 11). Plaintiff also seeks to add a Second Count to the Complaint entitled "Declaration of Main Street America's Coverage," which seeks a declaration that Main Street America ("MSA"), which is already a party to this action, cannot exclude coverage under its policy for the claims at issue in this case. (Id. at ¶¶ 25–31). Defendant MSA

opposes the amendment to add a Second Count, asserting that plaintiff does not have prudential standing to assert the proposed claim because it seeks to adjudicate "what other insurers are required to do for their insureds, not about what they are required to do" for plaintiff. (ECF No. 44 at 6). In its Reply, plaintiff asserts that the proposed amendment is appropriate because of the interrelationship between the policies at issue in this case (ECF No. 45 at 1–3) and, further, that resolving the coverage issues as to the rights and obligations of all parties in this action is in the interest of judicial economy and avoids piecemeal litigation. (Id. at 4).

Although neither party addresses the legal standard for amendment of pleadings, the court notes that Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course" either twenty-one days after serving it or within twenty-one days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Outside of this time period, amending a pleading requires either the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Generally, the "court should freely give leave when justice so requires." Id. A court should deny leave to amend if amendment would prejudice the opposing party, reward bad faith on the part of the moving party, or amount to futility. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Here, MSA does not address the applicable legal standard and does not argue that it is prejudiced by the amendment or that plaintiff is acting in bad faith. Instead, MSA argues that plaintiff does not have standing to assert the proposed claim which presumably leads to the conclusion that the amendment would be futile because it could not survive a motion to dismiss.

MSA's challenge to the proposed amendment is that plaintiff does not have prudential standing to assert the claim because it seeks to assert the claims of a third party, rather than its own claims. (ECF No. 44 at 5). MSA, in its Opposition, relies primarily on Lancer Ins. Co. v.

2

Harleysville Mut. Ins., 108 F.Supp.3d 275 (E.D. Pa. 2015) in which the plaintiff insurance company sought a declaration that two other insurance companies also owed coverage to the tort defendants and, therefore, had to defend and indemnify them in the underlying lawsuit. The Lancer court denied the defendants' motion for judgment on the pleadings, and sua sponte dismissed the case, without prejudice, on the grounds that the plaintiff lacked prudential standing. Id. at 279. Plaintiff, in its Reply, relies on cases that involve either lawsuits brought by one insurance company against another insurance company, seeking contribution for a judgment entered against it, or cases involving primary versus excess coverage liability issues. Neither of those factual scenarios is present here.

Here, plaintiff, similar to the insurance company in Lancer, is seeking a declaration that a third party insurance company is required to defend and indemnify its insured under its policy. In order to satisfy prudential standing requirements, a party must assert its "own legal interests rather than those of third parties." Lancer, 108 F. Supp. 3d at 278 (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)). Plaintiff here is asserting the rights of a third party and is seeking "a declaration about what other insurers are required to do for their insureds, not about what they are required to do" for plaintiff. Lancer, 108 F. Supp. 3d at 278. Because plaintiff has not articulated a viable claim asserting its own legal interests against MSA, it does not have standing and, therefore, the amendment would be futile. Accordingly, plaintiff's Motion is denied insofar as it seeks to add Count II.

As it relates to the addition of Ana Patricia Morales in the Second Amended Complaint, there has been no objection by defendants on that ground. Accordingly, plaintiff's Motion is granted with respect to the addition of Ana Patricia Morales as a defendant in this case.

Plaintiff is directed to prepare a Second Amended Complaint consistent with this Memorandum and Order and serve it on Ana Patricia Morales in accordance with the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion (ECF No. 43) is GRANTED in part and DENIED in part.

Date: January 24, 2018         \_\_\_\_\_/s/_____
                               Beth P. Gesner
                               Chief United States Magistrate Judge